The Connecticut Fire Insurance Company, Appellant, *v.* The Erie Railway Company, Respondent.

If a loss under a policy of fire insurance is occasioned by the wrongful act of a third person, the insurer, upon payment, is subrogated to the rights and remedies of the assured, and may maintain an action against the wrong-doer.

If the assured receives the damages from the wrong-doer before payment by the insurer, the amount so received will be applied *pro tanto* in discharge of the policy.

If the insurer, after payment of the damages by the wrong-doer to the assured, voluntarily pays the policy, he cannot maintain an action against the wrong-doer.

If the wrong-doer pays the assured after payment by the insurer, with knowledge of that fact, it is a fraud upon the latter, and will not protect the wrong-doer from liability to him.

Plaintiff issued a policy of insurance for $1,500 to M. upon certain buildings, which were subsequently destroyed by fire through the negligence of defendant; the buildings were worth $3,400. M. received from defendant $1,800 for his damages, he executing a release of all claims and demands for the loss; the release contained a statement that the settlement was not intended to discharge plaintiff from any claim of M. against it, but simply as a full settlement and discharge of defendant. Plaintiff thereafter paid the amount of the insurance. In an action to recover the amount paid, *held*, that the clause in the release as to the claim against plaintiff was in the nature of a proviso or exception from the general purview of the release, limiting its effect to a release of the balance, retaining the claim against plaintiff, and excepting its rights to a remedy over; and, therefore, as to the plaintiff, the release was of no effect, it could not have interposed it as a defense upon the policy, and its right to subrogation was not affected thereby.

As to whether the effect of the release would have been different if the assured had received the full amount of the loss, *quære*.

Also, *held*, that the action was properly brought in the name of plaintiff.

*The Connecticut Fire Ins. Co.* v. *Erie Railway Co.* (10 Hun, 59), reversed.

(Argued April 3, 1878; decided April 23, 1878.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant, entered upon an order setting aside a verdict in favor of plaintiff, and dismissing the complaint. (Reported below, 10 Hun, 59.)

This action was brought to recover the amount of a loss

paid by plaintiff, under a policy of insurance issued by it, which loss it alleged was occasioned by defendants negligence.

*M. H. Hirschberg*, for appellant. On payment of the policy plaintiff was equitably subrogated to a right of action against the defendant, arising out of the latter's liability to compensate the owner for the destruction of his property by its negligence. (*Randal* v. *Cockran*, 1 Ves. Sen., 98; *Blauwpot* v. *Da Costa*, 1 Eden, 130; *Mason* v. *Sainsbury*, 3 Douglas, 61; *London Ass. Co.* v. *Sainsbury*, 3 id., 245; *Clark* v. *Inhabitants of Blything*, 3 Dow. & Ry., 489; *Mellon* v. *Bucks*, 17 Martin [La.], 371; *Comegys* v. *Vasse*, 1 Pet., 193; *Yates* v. *White*, 4 Bing. [N. C.], 272; *Hooper* v. *Whitney*, 19 La., 267; *White* v. *Dobinson*, 14 Sim., 273; *Hart* v. *Western R. R. Co.*, 13 Metc., 99; *Gales* v. *Hailman*, 11 Penn. S. R., 515; *Quebec Fire Ins. Co.* v. *St. Louis*, 1 Low. Can., 222; S. C., 7 Moore P. C., 386; *Mercantile Marine Ins. Co.* v. *Corcoran*, 1 Gray, 75; *Propeller Monticello* v. *Mollison*, 17 How. [U. S.], 152; *Rockingham Mut. Fire Ins. Co.* v. *Bosher*, 39 Me., 253; *Garrison* v. *Memphis Ins. Co.*, 19 How. [U. S.], 312; *Perrot* v. *Shearer*, 17 Mich., 48; *Dickenson* v. *Jardine*, 3 L. R. C. P., 639; *Clark* v. *Wilson*, 103 Mass., 219; *North of Eng. Ins. Co.* v. *Armstrong*, 5 L. R. [Q. B.], 244; *Monmouth Co. Mut. Fire Ins. Co.* v. *Hutchinson*, 6 C. E. Green, or 21 N. J. Ch., 107; *Hayward* v. *Cain*, 105 Mass., 213; *Harding* v. *Town of Townshend*, 43 Vt., 536, and 5 Am. Rep., 304; *Home Ins. Co.* v. *North-west. Packet Co.*, 32 Ia., 223, and 7 Am. Rep., 183; *Hall & Long* v. *The Railroad Co.'s*, 13 Wall. [U. S.], 367; *Weber* v. *Morris and Essex R. R. Co.*, 35 N. J., 409, and 10 Am. Rep., 253; *Newcomb* v. *The Cincinnati Ins. Co.*, 22 Ohio St., 382, and 10 Am. Rep., 746; *Commercial Union Ins. Co.* v. *Lister*, 9 Eng. Rep., 572; *Gracie* v. *N. Y. Ins. Co.*, 8 J. R., 237; *Atlantic Ins. Co.* v. *Storrow*, 1 Edw. Ch., 621; S. C. on appeal, 5 Paige, 285; *Ætna Fire Ins. Co.* v. *Tyler*, 16 Wend., 397; *Hosack* v. *Rogers*, 6 Paige, 415; *Rogers* v..

*Hosack's Exrs.*, 18 Wend., 319; *Rentz* v. *Receiver of Ætna Fire Ins. Co.*, 9 Paige, 569; *Collins* v. *N. Y. C. and H. R. R. R. Co.*, 5 Hun, 503; *Merrick* v. *Brainerd*, 38 Barb., 574; *Home Ins. Co.* v. *Western Trans. Co.*, 33 How., 102; *Home Ins. Co.* v. *Penn. R. R. Co.*, 11 Hun, 182; 2 Phillips on Insurance, §§ 1711, 1723, 1724; Dixon on Subrogation, chap. viii.) The action was properly brought in the name of the insurance company. (*London Ass. Co.* v. *Sainsbury*, 3 Douglas, 245; *Garrison* v. *Memphis Ins. Co.*, 19 How. [U. S.], 317; *Cummings* v. *Morris*, 25 N. Y., 627; Code, §§ 144, 147, 148; *Home Ins. Co.* v. *Penn. R. R. Co.*, 11 Hun, 184.) The plaintiff's action was not barred by Martin's release, and that release affords the defendant no defense. (1 Phillips on Ins., § 81; 2 id., § 2160; *Timan* v. *Leland*, 6 Hill, 237; *Andrews* v. *Becker*, 1 Johns. Cas., 411; *Wheeler* v. *Wheeler*, 9 Cow., 34; *Phillips* v. *Claggett*, 11 Mess. & Welsb., 84; *Anderson* v. *Van Allen*, 12 J. R., 343; *Dawson* v. *Coles*, 16 id., 51; *Briggs* v. *Dorr*, 19 id., 95; *Jackson* v. *Blodget*, 5 Cow., 202; *Grosvenor* v. *Atlantic Fire Ins. Co.*, 17 N. Y., 391; *Ennis* v. *Harmony Ins. Co.*, 3 Bosw., 516; *Hart* v. *Western R. R. Corp.*, 13 Metc., 108; *Clark* v. *Wilson*, 103 Mass., 223; *Monmouth Co. Mut. Fire Ins. Co.* v. *Hutchinson*, 6 C. E. Green, or 21 N. J. Ch., 107; *Home Ins. Co.* v. *Western Trans. Co.*, 33 How., 102; *Atlantic Ins. Co.* v. *Storrow*, 1 Edw. Ch., 621, 627; S. C. on appeal, 5 Paige, 285.)

*Lewis E. Carr*, for respondent. The settlement with and release of defendant extinguished the claim against it. (1 Greenleaf on Evi., 278; *Creery* v. *Holly*, 14 Wend., 26; *Pohalski* v. *Mut. Life Ins. Co.*, 36 Sup. Ct. R., 234; *East Hampton* v. *Kirk*, 6 Hun, 257; *Thomas* v. *Truscott*, 53 Barb., 200; *Taylor* v. *Baldwin*, 10 id., 582; *Jackson* v. *Andrews*, 59 N. Y., 244, 247; *Leavitt* v. *Palmer*, 3 id., 19; *Coon* v. *Knapp*, 8 id., 402; *Pierson* v. *Hooker*, 3 J. R., 68; *Commercial Ass. Co.* v. *Lister*, 9 Eng. Rep. [Moak's Notes], 572, 573, note; *Hall* v. *Nash. and Chat. R. R. Co.*, 13

Wall., 367 ; 3 Amer. Rail. Rep., 409, 410 ; *Merrick* v. *Brainard*, 38 Barb., 574, 584, 590; *Newell* v. *Norton*, 3 Wall., 257; *Collins* v. *N. Y. C. and H. R. R. R. Co.*, 5 Hun, 503 ; *Hayward* v. *Cain*, 105 Mass.. 213 ; *Clark* v. *Wilson*, 103 id., 219; *Weber* v. *Morris and Essex R. R. Co.*, 35 N. Y., 409; 10 Amer. Rep., 253; *Bradburn* v. *Gt. West. R. Co.*, 11 Eng. Rep. [Moak's Notes], 330; *Harding* v. *Town of Townsend*, 5 Amer., 304; *Penolo* v. *Shearer*, 17 Mich., 48; *Hart* v. *Western R. R. Co.*, 13 Metc., 99; *Monmouth, etc. R. R. Co.* v. *Hutchinson*, 21 N. J. Eq., 107.) The money Martin received °from the railway company on the settlement he held as trustee for the plaintiff to the amount of its policy of insurance. (*Newcomb* v. *Cincinnati Ins. Co.*, 22 Ohio, 382; 10 Amer. Rep., 742; *North* v. *Armstrong*, 5 Q. B., 244.) Whether the amount received by Martin from the railway company was less than the value of the buildings or not was immaterial for any purpose, except to establish a claim of a fraudulent and collusive settlement. (*Pitt* v. *Congdon*, 2 N. Y., 352; *Lafarge* v. *Herter*, 11 Barb., 159; *Boyd* v. *McDonough*, 39 How., 389.)

Church, Ch. J. It must be assumed from the verdict of the jury that the buildings were burned through the negligence of the defendant's agents and servants, and it is too well-settled to render the citation of authorities necessary, that as between the plaintiff, the insurer, and the defendant, the latter was ultimately liable for the loss. A fire policy is a contract of indemnity, and if a loss is occasioned by the wrongful act of another the insurer is subrogated to the rights and remedies of the assured, and may maintain an action against the wrong-doer. If the assured receives the damages from the wrongdoer before payment by the insurer the amount so received will be applied *pro tanto* in discharge of the policy. (*Hart* v. *West. R. R. Corp.*, 13 Met., 99.) If the wrong-doer pays the assured after payment by the insurer, with knowledge of the facts, it is regarded as a fraud upon the insurer, and he will not be protected from liability

to the latter. (*Clark* v. *Wilson*, 103 Mass., 223; *Mon. Mut. F. Ins. Co.* v. *Hutchinson*, 21 N. J. Ch., 107; *Graff* v. *Kip*, 1 Edw. Ch., 621.)

The question is presented in this case in a somewhat novel aspect, and unlike that of any other case to which our attention has been called. The plaintiff paid the policy after the release by the assured to the defendant, and by consenting to the judgment the payment must be regarded as voluntary on its part. If the plaintiff might have interposed the payment by the defendant to the assured, and the release as a defense to an action by the latter upon the policy, then the plaintiff cannot maintain this action. This question and the liability of the defendant depend upon the construction to be put upon the release, or rather if that construction be in favor of the plaintiff it will be unnecessary to notice any other point. The release is as follows :

"Loss and damage.

"Erie Railway Company,

"To JOHN MARTIN,

"Salisbury Mills, Dr.

"For settlement in full of all claims, demands and causes of action against the Erie Railway Company for loss and damage by fire, claimed to have been caused by sparks or coals from engine, burning hotel building, barn, shed and contents, fences, trees, etc., at Salisbury station, on or about May 13th, 1773, - - - - - - $2,100.

"This settlement is not intended to discharge the Connecticut Fire Insurance Company from any claim which said Martin has against them for insurance, but as a full settlement with, and discharge of, the Erie Railway Company only.

"Received, September 10, 1873, of the Erie Railway Company, through the hands of R. L. Brundage, claim agent, two thousand one hundred dollars, in full of the above amount.

"$2,100.                                     JOHN MARTIN."

404    Connecticut F. Ins. Co. v. Erie Rail. Co.    [March,

Opinion of the Court, per Church, Ch. J.

It is proper to refer to the surrounding circumstances. The buildings burned were worth about $3,400. Of the consideration paid for the release $300 was paid for a parcel of land conveyed to the defendant leaving $1,800 paid for the damage to the buildings. The clause that the settlement was not intended to discharge the plaintiff from any claim of the assured against it for insurance was in the nature of a proviso or exception from the general purview of the release. It must be construed so as to carry out the intent of the parties, and that intent must be determined from the language viewed in the light of surrounding circumstances. It is evident that the assured did not receive the full amount of the damages incurred. This circumstance sheds some light upon the meaning of the release. The clause was intended for some purpose, and it seems to me obvious that it was designed to prevent the plaintiff from interposing the release as a defense to an action on the policy, and it is inferable that the amount of the policy was deducted from the amount of the loss in the settlement with the defendant. The substance of the transaction was that the assured, having a claim against the plaintiff for $1,500, settled with and released the defendant from liability for the balance, retaining the claim against the plaintiff. The form of the clause is not very specific, but looking at the substance it was a proviso that the release should not operate to prevent a recovery upon the policy against the plaintiff. With such a proviso, other portions of the release would have to yield to enable the proviso to have effect, and as to the plaintiff it would be the same as though no release had been given. It follows that the plaintiff could not have interposed the release as a defense in an action by the assured upon the policy, and if not, the logical sequence is that the right of subrogation enures against the defendant.

It is insisted that as the assured has settled and released all his claim for damages, the plaintiff could acquire no right or remedy through him by equitable subrogation, or from him by assignment. This proposition implies an

assumption of the controverted fact whether the assured did release all claim.   The answer to it is that the assured released only such damages as he could without interfering with his claim against the plaintiff, and the legal consequences must be regarded as a part of the exception, viz., the right of the plaintiff to a remedy over.   This was as much reserved as the right to enforce the policy.   That right could not be reserved without reserving the remedy.   The power to enforce the policy having been expressly reserved, the parties could not take away the right of the plaintiff to the remedy which that reservation vested in him by law. Having made their agreement so as to prevent the plaintiff from interposing this defense, they cannot object to the consequences which legally flow from it.   The exception necessarily embraces the right of subrogation.   It is not needful to consider whether the effect would have been different if the assured had received the full amount of the loss.   No injustice is done the defendant by the result indicated.   It was liable for the whole loss, and the payment to the plaintiff of the amount of the policy will, with that already paid, not exceed that amount.   It did not profess to pay the assured but a part of that amount, nor did the assured intend to receive but a part, and the legal construction of the contract accords with the principles of right and justice.

The action is properly brought in the name of the plaintiff.   No other person has any right or interest in the claim. (Code, § 111; *Cummings* v. *Morris*, 25 N. Y., 627.)

The judgment must be reversed, and judgment ordered on verdict.

All concur, except Miller, J., absent.

Judgment accordingly.