CLAYTON PLATT, Appellant, *v.* THE RICHMOND, YORK RIVER AND CHESAPEAKE RAILROAD COMPANY, Respondent.

Where by a bill of lading the carrier is exempted from loss by fire, unless the same be proved to have occurred from the fraud or gross negligence of the carrier, his servants or agents, the burden is upon a party seeking to recover for such a loss, to show that the fire resulted from one of the causes specified.

*It seems* that where, by the statute law of a state, a railroad company in the state is prohibited from limiting by contract its common law liability, the statute has no effect upon a contract made in such state and in reference to goods shipped therein, but which limits the liability of a railroad company in another state for the transportation of such goods in that state.

A bill of lading contained a stipulation to the effect that, in case of any loss or damage to the goods during their transportation whereby any legal liability should be incurred by the carrier, a railroad corporation, it should have the benefit of any insurance upon the goods. The goods were lost by fire; they were insured and the insurance company paid the full amount of the loss to the owners, taking an assignment of their claim against the carrier. In an action thereon *held*, that by the stipulation and payment of insurance defendant was discharged from all liability.

The right which accrues to an insurance company, upon payment of a loss, of subrogation to any causes of action which the assured has against third persons who have caused, or are responsible for the loss, being derived solely from the assured, if he has no right which he can transfer, there can be no subrogation.

(Argued February 2, 1888; decided February 10, 1888.)

APPEAL from judgment of the Superior Court of the city of New York, entered upon an order made December 7, 1887, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the material facts are stated in the opinion.

*Nathaniel A. Prentiss* for appellant. A carrier who claims exemption under a special contract, which is not shown to have been executed or expressly agreed to by the shipper, must prove that it was received by the shipper under circumstances

such that the law will presume that he knew and assented to its terms. (*Blossom* v. *Dodd*, 43 N. Y. 268, 269 ; *Madan* v. *Sherard*, 73 id. 334; *Guillaume* v. *Gen. Transp. Co.*, 100 id. 498.)   As regards the bill of lading so far as it purports to limit the liability of the carrier at common law, it was void by the laws of South Carolina, where it purports to have been made. (R. S. of So. Car. [Ed. 1873], chap. 65, § 2, p. 366 ; *West. T. & C. Co., etc.,* v. *Kilderhouse*, 87 N. Y. 439 ; 2 Kent's Com. 458; Story on Confl. of Laws, §§ 243, 279 ; *McDaniel* v. *C. & N. E. R. R. Co.*, 24 Iowa, 417 ; *First Nat. B'k* v. *Shaw*, 61 N. Y. 293, 294; *Hale* v. *N. J. St. Nav. Co.*, 15 Conn. 546, 547; *Penn. Co.* v. *Fairchild*, 69 Ill. 263 ; *Canter* v. *Bennett*, 39 Tex. 303 ; *Peninsular, etc., St. Nav. Co.* v. *Shand*, 12 L. T. 808.)   The court erred in directing a verdict for defendant, thus taking from the jury the question of negligence. (*First Nat. B'k* v. *Dana*, 79 N. Y. 116 ; *Train* v. *Holland P. Ins. Co.*, 62 id. 604; *Frecking* v. *Rolland*, 53 id. 424 ; *People* v. *Met. Telephone Co.*, 11 Abb. [N. C.], 315 ; *Hart* v. *Harlem B. R. R. Co.*, 80 N. Y. 623 ; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 455, 456 ; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 id. 331 ; *Ernst* v. *H. R. R. R. Co.*, 35 id. 39, 41.)   The facts in the case were such that men of "ordinary prudence and discretion" might well draw therefrom different inferences as to defendant's negligence in respect to, first, the origin of the fire ; second, efforts to save the property; and third, the provisions existing for the care of the goods while in their custody. (*Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 568 ; *Cochran* v. *Dinsmore*, 49 id. 253 ; *Whitworth* v. *Erie R. Co.*, 87 id. 419 ; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 19 Hun, 559 ; *Dale* v. *D. L. & W. R. R. Co.*, 73 N. Y. 472; *Painter* v. *N. Y. C. R. R. Co.*, 83 id. 13, 14 ; *Sutton* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 249 ; *Tolman* v. *Syracuse, B. & N. Y. R. R. Co.*, 98 id. 201.)   General words will not operate to exempt a carrier from liability from his own negligence. (*Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 N. Y. 374; *Mynard* v. *Syracuse, etc., R. R. Co.*, 71 id. 185 ; *Magnin* v. *Dinsmore*,

56 id. 174; 70 id. 416; *Steinweg* v. *Erie R. Co.*, 43 id. 123; *Westcott* v. *Fargo*, 61 id. 553, 555.) The "insurance clause" does not deprive the insurance company (plaintiff's assignor), of its right of subrogation, nor plaintiff of his right of action. (*Phœnix Ins. Co.* v. *Erie & West'n Trans. Co.*, 117 U. S. 312; *Railroad Co.* v. *Lockwood*, 17 Wall. 367; *Clements* v. *Yturria*, 81 N. Y. 291; *Atlantic Ins. Co.* v. *Storrow*, 5 Paige, 292, 294, 295; *Conn. F. Ins. Co.* v. *Erie R. Co.* 73 N. Y. 472.)

*William Allen Butler* for respondent.   This stipulation in the several bills of lading put in evidence by the plaintiff, and constituting the contract of carriage, exempting the carrier from loss by fire, unless caused by the negligence of the carrier, its agents or servants, was a valid stipulation, binding on the owner of the cotton. (*Canfield* v. *B. & O. R. R. Co.*, 93 N. Y. 532, 538; *Germania Fire Ins. Co.* v. *Memphis & C. R. R. Co.*, 72 id. 90; *Lamb* v. *Camden & Amboy R. R. & T. Co.*, 46 id. 271; *Cochran* v. *Dinsmore*, 49 id. 249; *Transp. Co.* v. *Downer*, 11 Wall. 129; *Whitworth* v. *Erie R. Co.*, 87 N. Y. 413; *Wertheimer* v. *Penn. R. R. Co.*, 17 Blatchf. 421; *Railroad Co.* v. *Lockwood*, 17 Wall 357; *Kirkland* v. *Dinsmore*, 62 N. Y. 171.) The court properly directed a verdict for the defendant at the close of the whole case.  (*Whitworth* v. *Erie R. Co.*, 87 N. Y. 413.)  There was nothing in the statutes of South Carolina or Georgia put in evidence by the plaintiff which deprived the defendant of the defense set up by the answer and established at the trial. (South Carolina R. S., 1873, chap. 65, § 2, p. 366; Georgia Code, 1882, §§ 2068, 2084; *Smith* v. *N. C. R. R. Co.*, 64 N. C. R. 235; *Va. & Tenn. R. R. Co.* v. *Sawyer*, 26 Grattan 328.) A bill of lading for through carriage from inland points to the seaboard by railroad companies traversing different states is not a contract to be construed according to the law of the place of its first inception but by commercial law, and effect will be given to its stipulations according to the commercial law as enforced in the court where the parties

are impleaded.   (*Myrick* v. *Mich. Cen. R. R. Co.*, 107 U. S. 102, 109, 110.)   The total loss having been paid by the insurance company plaintiff's assignor the defendant was entitled, under the bill of lading, to the benefit of that insurance. (*Phoenix Ins. Co.* v. *E. & W. T. Co.*, 117 U. S. 312; *Rintoul* v. *N. Y. C. & H. R. R. R. Co.*, 21 Blatchf. 439; *Mercantile Mut. Ins. Co.* v. *Calebs*, 20 N. Y. 173; *Carstairs* v. *Mech. & Traders' Ins. Co.*, 18 Fed. Rep. 473.)

EARL, J. This action was brought by the plaintiff against the defendant as a common carrier to recover for the loss of sixty-five bales of cotton delivered to it and alleged to have been destroyed and lost, through its gross negligence and fault, while in its possession.   The answer of the defendant, besides denying any negligence on its part, alleges that the cotton was received for transportation by it under bills of lading exempting it from all liability from loss by fire not caused by its negligence, and that the cotton was not lost or destroyed through any fault or negligence chargeable to it.   The answer also alleges that the bills of lading contained a stipulation that in case of any loss or damage to the cotton during the transportation thereof, whereby any legal liability should be incurred by the defendant, it should have the benefit of any insurance which might have been effected on account of the cotton; and that before the happening of the loss in question, insurance had been effected on account of the cotton, and that the amount of the loss or damage thereto was paid wholly or in part by the insurers to the owners of the cotton, whereby all claim and demand against the defendant for the cause of action alleged in the complaint was discharged and extinguished.

We think the action was well defended at the trial.   There was sufficient evidence that bills of lading were issued by the carrier for this cotton which contained the stipulations set up in the answer.   The bills were proved and put in evidence by the plaintiff, and there was no claim at the trial that they were not sufficiently proved, or that they were not delivered so as

to become operative between the parties.   It was assumed at
the trial that the cotton was carried under the bills of
lading put in evidence.   And if the plaintiff desired to
claim that they were issued under such circumstances that the
owners were not bound by the stipulations therein contained,
he should have proved the circumstances under which they
were issued.   As to eleven bales of the cotton the original bill
of lading was not produced; but without any objection a copy
thereof was put in evidence, which contained the same stipu-
lations as the other bills of lading, and that copy was taken
and assumed to be sufficient proof of the original.   By the
bills of lading the carrier was exempted from liability for loss
by fire, "unless the same be proved to have occurred from the
fraud or gross negligence of the company or companies, their
agents or servants."   Therefore, the bills of lading having
been sufficiently proved, and it having been shown that
the cotton was destroyed by fire, the burden was upon the
plaintiff to establish that the fire was occasioned and the
cotton destroyed by the fraud or gross negligence of the defend-
ant.   (*Lamb* v. *C. & A. R. R. & T. Co.*, 46 N. Y. 271; *Coch-
ran* v. *Dinsmore*, 49 id. 249; *Germania F. Ins. Co.* v. *M. &
C. R. R. Co.*, 72 id. 90.)   We have carefully considered
the evidence and we do not think there is any which would
have authorized the jury to find that the fire occurred through
the fraud or gross negligence of the defendant, and there was,
therefore, no error on the part of the trial judge in refusing
to submit the question of negligence to the jury.

There is a statute of South Carolina which provides as fol-
lows: "No public notice or declaration or special contract
shall limit or in anywise affect the liability at common law of
any railroad company within this state for or in respect of any
goods to be carried or conveyed by them; but such railroad
company shall be liable as at common law to answer for the
loss of or injury to any articles or goods to be carried by them,
any public notice or declaration or special contract by them
made or given contrary thereto or in anywise limiting such
liability notwithstanding."   There was no proof that either of

the contracts for the shipment of this cotton was made in the state of South Carolina, or that any of the bills of lading were issued there, or that any of the cotton was shipped from that state; and, therefore, the statute can have no effect in this case. But even if the contract had been made in that state for the shipment of this cotton and the cotton had been shipped from that state, yet the statute could have no effect in this case for the reason that by its terms it was applicable only to any railroad company within that state. A valid contract could be made there to limit the liability of a railroad company in some other state. This defendant was a corporation organized under the laws of the state of Virginia, and was wholly operated within that state, and there is nothing in the statute of South Carolina which prohibits the making of a contract in that state which could operate to limit the liability of the defendant as to goods delivered to it in the state of Virginia to be transported over its road in that state. There is, therefore, in this case nothing to impair the effect of the clause in the bills of lading which exempts the defendant from loss by fire.

But there is a still further ground of defense to this action. The owners of this cotton insured it in the Insurance Company of North America for the full value thereof, and after its destruction by fire the insurance company paid the full amount of the loss to the owners. Thereafter the owners assigned their claim against the defendant to the insurance company and it assigned the same to this plaintiff. By a special stipulation in these bills of lading, which is set up in the answer, the defendant was entitled to the benefit of that insurance, and payment by the insurance company to the owners of the full amount of their loss discharged the defendant from all liability. It is true that, by a general rule of equity, where goods are totally lost by perils insured against, the insurer, upon payment of the loss, becomes subrogated to all the assured's rights of action against third persons who have caused or are responsible for the loss; and the insurer has this right of subrogation without any express stipulation to that effect in the policy. It grows out of the very nature of the contract

of insurance as a contract of indemnity. (*Conn. Fire Ins. Co.* v. *Erie R. Co.*, 73 N. Y. 399 ; *Phœnix Ins. Co.* v. *Erie & Western Trans. Co.*, 117 U. S. 312.) But this right of subrogation is a derivative one and comes solely from the assured, and can only be enforced in his right. If the assured has no right which he can transfer to the insurer, then the insurer can have no subrogation and cannot take the place of the assured for the purpose of enforcing the liability of the wrongdoer for the loss. Here, by the express contract between the assured owners and the railroad company, it was to have the benefit of the insurance, and thus it was entitled to the insurance for its indemnity, and when the insurance company paid the entire loss sustained by the fire to the assured, by the very terms of the contract, it relieved the defendant of any liability therefor. If the insurance company had not paid the loss to the assured, upon payment of the loss by the defendant it would have been entitled to be subrogated to the rights of the assured, and to the full benefit of the policy which the assured had taken.

A further discussion of this point is unnecessary as it is fully covered by the decision in the *Phœnix Insurance Company* v. *Erie and Western Transportation Company (supra)*, where the precise question was involved.

Upon both grounds, therefore, we think this judgment should be affirmed.

All concur.

Judgment affirmed.