THE HILTON BRIDGE CONSTRUCTION COMPANY, Appellant, *v.* THE GOUVERNEUR AND OSWEGATCHIE RAILROAD COMPANY and Others, Defendants; LOUIS MARSHALL, Respondent.

*Foreclosure of a mechanic's lien — one who merely claims to be an assignee of the contractor may be made a party defendant.*

In an action brought by a sub-contractor to foreclose a mechanic's lien, the supplemental complaint alleged that the defendant Louis Marshall claimed that, before the appointment of receivers for the Moffett, Hodgkins & Clarke Company, the original contractor, that company had assigned to him all its interest in any sum which might be found due and owing to that company.

*Held*, that the complaint sufficiently alleged that Marshall had an interest in the proceeding, and that, as a person claiming to have an interest in the controversy, he was, within the meaning of section 447 of the Code of Civil Procedure, "a necessary party defendant for the complete determination or settlement of a question involved therein."

APPEAL by the plaintiff, The Hilton Bridge Construction Company, from an interlocutory judgment of the Supreme Court in

favor of the defendant, Louis Marshall, entered in the office of the clerk of the county of St. Lawrence on the 10th day of July, 1895, upon the decision of the court rendered after a trial at the Saratoga Special Term sustaining the demurrer of said defendant interposed to the plaintiff's amended complaint and dismissing the amended complaint as to such defendant.

*Edward Winslow Paige*, for the appellant.

*Guggenheimer, Untermyer & Marshall*, for the respondent.

HERRICK, J. :

This is an equitable action for the foreclosing of a mechanic's lien. The defendant, the New York Central and Hudson River Railroad Company, heretofore made a motion to have the defendant Louis Marshall made a party to this action. The motion was granted; an appeal was taken therefrom, which was ultimately passed upon by the Court of Appeals in 145 N. Y. 390, where a full statement of facts of the action is set forth, and it was there held that the defendant Marshall was at least a proper, if not a necessary party, as the assignee of the original contractor in the case.

Thereafter the plaintiff, by supplemental complaint, brought in the defendant Louis Marshall as a party defendant. To that supplemental complaint the defendant Marshall demurred, which demurrer has been sustained in the court below.

That the defendant Marshall is a proper if not a necessary party to this action has been heretofore decided by the Court of Appeals, and is not now an open question; the only question open for discussion is whether the plaintiff has pleaded sufficient facts in its supplemental complaint to bring the respondent Marshall in as a proper or necessary party to the action.

The Moffett, Hodgkins & Clarke Company was the original contractor in this action, the plaintiff being the sub-contractor under it.

In this supplemental complaint the plaintiff has reiterated all the matters and things set forth in the original complaint, and set forth a judgment in an action wherein the Moffett, Hodgkins & Clarke Company was the defendant, and by which the

defendants O'Brien and Booraem were appointed receivers of the said Moffett, Hodgkins & Clarke Company; then follows this allegation: "And, further, that it is claimed by the above-named defendant, Louis Marshall, that before the appointment of such receivers the Moffett, Hodgkins & Clarke Company assigned to him, the said Louis Marshall, all its interest in any sum which might be found due and owing to that company from the defendant the New York Central and Hudson River Railroad Company."

It is claimed here by the respondent Marshall that such allegation is not sufficient as against him.

As heretofore stated, the Court of Appeals has held that Marshall, as the assignee of the Moffett, Hodgkins & Clarke Company, is a proper party to this litigation.

Section 447 of the Code of Civil Procedure reads as follows: "Any person may be made a defendant, who has or claims an interest in the controversy, adverse to the plaintiff, or who is a necessary party defendant, for the complete determination or settlement of a question involved therein."

If the assignee of a contractor is a necessary or proper party in proceedings to enforce a mechanic's lien, is one who claims to be an assignee a proper party? Is he an adverse party to the plaintiff within the meaning of the Code of Civil Procedure?

It seems to me that, within the meaning of the section of the Code I have quoted, any person whom it is necessary or proper to make a party to the proceedings, for the complete determination of the rights of all persons concerned, and to finally determine the litigation, and who is not united in, or has no common interest, with the plaintiff, or who refuses to join him in the prosecution of the action, may be said to be a party adverse to the plaintiff.

. If I am correct in this, then it seems to me that an allegation in the language of the Code of Civil Procedure, that such party "claims" such adverse interest, to-wit, to be the assignee of the contractor, is a sufficient allegation of his interest in the proceeding.

In foreclosure actions, where it is desired to cut off parties who have acquired liens subsequent to that of the mortgage, by judgment, decree or otherwise, it has been customary from time immemorial to allege that such parties "have or claim to have" a lien subsequent to that of the mortgage, the sufficiency of which

statement, so far as I have been able to discover, has never been questioned. (See *Frost* v. *Koon*, 30 N. Y. 428–448; *Bloomer* v. *Sturges*, 58 id. 168.)

It will be observed that the language of the Code of Civil Procedure itself does not require an absolute statement of the interest of the adverse party under the section quoted; it is only necessary to allege that he claims an interest. The object and purpose of this section of the Code of Civil Procedure was to enforce the old equity rule, that all persons interested in the subject of the suit should be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and to secure a final determination of their rights; to accomplish this it is necessary not only to bring in any persons who have an interest in the controversy, or in the subject-matter thereof, in fact; but also all those who even claim to have any interest therein.

To finally dispose of all controversies, cut off all liens and prevent a multiplicity of suits, it must be obvious that it is necessary not only to dispose of all actual interests, causes of action or liens, but also of all claims to such rights. So that if it is necessary and proper for a complete determination of the proceedings to foreclose a mechanic's lien, to bring in the assignee of the original contractor, it is also proper, if not necessary, to bring in any person who claims to be such assignee, and an allegation that a defendant claims to be an assignee is an allegation of fact in the language of the Code of Civil Procedure, and is sufficient to show that he is a proper party for a complete determination of the proceedings, and to prevent a multiplicity of suits.

For these reasons, the judgment sustaining the demurrer should be reversed, with costs and disbursements of this appeal and costs in the court below.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment sustaining demurrer reversed, and judgment rendered against defendant upon the demurrer, with costs of this appeal and costs in the court below, with leave to defendant Marshall to plead over within twenty days, upon payment of costs.