MUNSON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, Wayne County. March, 1900.)

PARTIES—SUIT FOR DAMAGES TO INSURED PROPERTY.

    Under Code, § 446, permitting all persons having interest in the subject-matter of an action and in obtaining a judgment to be joined as plaintiffs, where one whose property had been destroyed by the negligence of a railroad company sued the company for the injury sustained, insurance companies which had paid plaintiff's loss, in whole or in part, should be made parties to the action, since it is for a single wrongful act, in which plaintiff and the insurance companies have a joint interest, and the insurance companies are necessary parties in order to avoid another suit.

Action by John A. Munson against the New York Central & Hudson River Railroad Company for damages. Plaintiff demurred to a part of defendant's answer. Overruled.

Hiram R. Wood, for plaintiff.

Albert H. Harris, for defendant.

DAVY, J. This is a demurrer to that portion of defendant's answer which alleges that the Glens Falls Insurance Company and the Norwich Union Fire Insurance Society of England are proper and necessary parties to this action. The answer, for a second, separate, and distinct defense to the cause of action alleged in the complaint, states that the premises in the complaint described had been and were, at the time of the alleged destruction by fire, insured against loss or damage, in sums unknown to the defendant, by the Glens Falls Insurance Company and by the Norwich Union Fire Insurance Society of England; that heretofore, and prior to the commencement of this action, the said insurance companies have adjusted the loss under the policies of insurance issued by them on said premises, and paid to the plaintiff the amount thereof, which is unknown to this defendant; that said insurance companies have been, or claim to have been, subrogated, to the extent of the sum or sums so paid, to the rights of the plaintiff in respect to any claim which he may have for the destruction or damage to the said premises by fire; and that said the Glens Falls Insurance Company and the said the Norwich Union Fire Insurance Society of England are proper and necessary parties to this action. If the insurance companies are necessary parties to this action, the answer is not demurrable because the defendant had a right by plea in abatement to take advantage of that fact, which, if established upon the trial, will entitle the defendant to a nonsuit or verdict in his favor. The question is, can the plaintiff, whose damages have been paid in full or in part by the insurance companies, and who is only a part owner of the claim, maintain this action without including the insurance companies?

The general rule, as sanctioned by authorities, and which has been so often and clearly defined by the courts, is that all persons interested in the subject of the action and in the relief sought should be made parties, either as plaintiffs or defendants. The object of this rule is to prevent a multiplicity of suits, and to secure the final determination of the rights of all interested parties in a single action. This

wholesome principle applies to all actions where the controversy can be ended by one adjudication. Derham v. Lee, 87 N. Y. 604. When the complaint does not, as in this case, disclose the nonjoinder of parties upon its face, the defendant must raise the objection by answer. Section 498, Code Civ. Proc. And, if the objection is not taken in either way the defendant is deemed to have waived it. Section 499, Id.; Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. Judge Comstock, in Sweet v. Tuttle, 14 N. Y. 468, says the defendant may set forth as many defenses as he thinks he has, but must state them separately. Among those, is that of nonjoinder, where it does not appear on the face of the complaint. This issue is to be tried like any other defense, and its effect upon the suit is the same. If the defendant succeeds, the only effect would be to turn the plaintiff over to a new suit against all the parties. Dawley v. Brown, 9 Hun, 461; Hamburger v. Baker, 35 Hun, 455; Dickinson v. Vanderpoel, 2 Hun, 626. It was held in the case of Chapman v. Forbes, 123 N. Y. 539, 26 N. E. 3, if the necessary parties are not present, defendant may take advantage of that fact by plea in abatement, or he may set up any equitable defense showing the absence of necessary parties, which, if established, will entitle him to a nonsuit or to a verdict in his favor, but he cannot compel the plaintiff by motion to bring in such other parties. In Continental Ins. Co. v. Loud & Sons Lumber Co., 93 Mich. 139, 53 N. W. 394, it appeared that insured property was destroyed by fire through the negligence of the defendant company. The property lost was insured in several companies, which paid their proportionate part of the loss. The court held that all the insurance companies entitled to be subrogated to the owner's claim for any part of the loss should have been made parties to the action, holding that a cause of action, either for tort or contract, could not thus be split up.

Section 446 of the Code permits all persons having an interest in the subject of the action and in obtaining the judgment demanded to be joined as plaintiffs. Section 447 allows any person to be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or whose presence is necessary for a complete determination of the question involved in the action. The defendant has a right to require the insurance companies to be made parties plaintiff or defendant in order that he may be protected from another suit. The plaintiff has the same right in order that no subsequent litigation should be necessary between him and the insurance companies. The law contemplates that there shall be but one action and one recovery for a single wrong. It is opposed to vexatious litigations, and the splitting up of one entire cause of action into parts. Perry v. Dickerson, 85 N. Y. 345; Reilly v. Paving Co., 31 App. Div. 302, 52 N. Y. Supp. 817; Brunsden v. Humphrey, 14 Q. B. Div. 141. In Shepard v. Railway Co., 117 N. Y. 442, 23 N. E. 30, Judge Gray says the object of section 446 of the Code is to avoid a multiplicity of actions and useless expense, and to effect a complete determination of all matters which may come into controversy and litigation between the same parties by one action. The Code provides that every action must be prosecuted in the name of all the parties in interest. Those united in interest must be joined as plaintiffs or defendants; but, if the con-

sent of any one who should be joined as plaintiff cannot be obtained, he may be made a defendant. The reason for making him a defendant, however, must be stated in the complaint. This rule clearly does not authorize the omission of a party which the law requires to be made a party. De Puy v. Strong, 37 N. Y. 374. It was held in Connecticut Fire Ins. Co. v. Erie R. Co., 73 N. Y. 399, if the wrongdoer pays the assured after payment by the insurance company, with knowledge of that fact, it is a fraud upon the latter, and will not protect the wrongdoer from liability to him.

Assume that the defendant, after knowledge of the fact that the insurance companies had paid the plaintiff the loss which he had sustained, pays the plaintiff the full amount of his damages; could the defendant be protected? Can it be said that the insurance companies, after having become subrogated to the rights and remedies of the plaintiff, cannot maintain an action against the defendant? If they can, why are they not necessary parties to the action? The rule is well settled that, if insured property be destroyed by fire communicated from the engine of a railroad company, the insurance company paying the loss will be subrogated to the rights and remedies of the owner against the wrongdoers. Connecticut Fire Ins. Co. v. Erie R. Co., 73 N. Y. 399. It was said by Judge Earl in Platt v. Railroad Co., 108 N. Y. 363, 15 N. E. 393, that, where goods are totally lost by fire, the insurer, upon payment of the loss, becomes subrogated to all the assured's rights of action against third persons who have caused or are responsible for the loss, and the insurer has the right of subrogation without any express stipulation to that effect in the policy of insurance as a contract of indemnity. The insurance company has a right of action against the defendant in proportion to the sum paid by him, not only in the case of a total loss, but likewise in the case of a partial loss. In Fayerweather v. Insurance Co., 118 N. Y. 327, 23 N. E. 192, 6 L. R. A. 805, in speaking for the court, Follett, C. J., said, when goods in the hands of a common carrier for transportation are insured by the owner, and subsequently lost or injured, under circumstances rendering the carrier liable to the owner for the damages, the insurer, in the absence of stipulations between the carrier and owner defeating the right, is entitled to be subrogated to the rights and remedies of the owner against the carrier. The answer in this case sufficiently alleges that the insurance companies have a common interest in the controversy with the plaintiff, and are necessary parties to the action for a complete determination of the rights of all persons concerned. Hilton Bridge Const. Co. v. Gouverneur & O. R. Co., 90 Hun, 584, 35 N. Y. Supp. 976. It was held in Zabriskie v. Smith, 13 N. Y. 338, that where the defendant permits one or more of several joint tenants to sue alone in an action of tort by not pleading the joint tenancy in abatement, that the recovery should be for the damages sustained by all the joint tenants. Judge Denio remarked that in the case of tenants in common the rule allowing the interest of the party not joined to be proved in diminution of damages is put upon the ground that he may still sue for the value of his share. The rule seems to be that objection to nonjoinder of parties must be taken by demurrer or answer, or the defendant could not raise the objection

at the trial. Scrantom v. Bank, 24 N. Y. 426; Merritt v. Walsh, 32 N. Y. 690. The authorities cited by the learned counsel for the plaintiff have no application to the rule invoked in this case. The plea of abatement was not interposed in any of those cases. It seems to me that the insurance companies are necessary parties plaintiff to this action. They are certainly interested in the subject-matter. The claim of the plaintiff and that of the insurance companies are not distinct and independent claims. The action is for a single wrongful act, arising out of the same transaction, in which the plaintiff and the insurance companies have a joint interest, and should be joined, so as to avoid another suit.

The demurrer, therefore, must be overruled, with costs against the plaintiff.