JOHN J. TROMPEN V. CHARLES YATES ET AL.

FILED DECEMBER 3, 1902.    No. 12,221.

Commissioner's opinion, Department No. 1.

1. Mortgagees: JOINT POSSESSION: VARIOUS PRIORITY: SHERIFF: CONVERSION: JOINING ACTION. Mortgagees holding mortgages of various priority on the same goods, who are jointly in possession of them, may join in an action against the sheriff for depriving them of possession and converting the goods to his own use.

2. Invalid Concurrent Mortgage. The fact that another mortgage, executed at the same time and as a part of the same transaction, was without consideration, will not impeach the other mortgages, where the parties act in good faith, supposing the first mortgage valid.

3. **Instructions:** REFUSAL: ERROR: ASSIGNMENT. Error in refusing instructions must be specifically pointed out.

4. **Instruction:** PREFERRING CREDITOR. Not error to instruct a jury, in a proper case, as to the right to prefer creditors; nor is it error to tell the jury that accidental inclusion of too large an amount in securing preferred creditor is not fraud.

5. ———: INTERVENER. Not error to tell jury that the same rules of law apply to an intervener as to the original defendant, and that no judgment is asked as to the intervener.

ERROR from the district court for Lancaster county. Action in the nature of trover. Tried below before HOLMES, J. Judgment for plaintiffs and defendant brings error. *Affirmed.*

*Lionel C. Burr, Elmer E. Spencer* and *Willard E. Stewart,* for plaintiff in error.

*Thomas J. Doyle, George W. Berge* and *Frank J. Kelley,* contra.

HASTINGS, C.

This was an action brought by the defendants in error jointly, claiming damages for the conversion by plaintiff in error, as sheriff, of certain goods. February 18, 1897, Francis E. Price gave a chattel mortgage on her stock of drugs in the store at the corner of Tenth and P streets in the city of Lincoln, Nebraska, for $500, to her husband, J. W. Price. The same day she also executed a chattel mortgage on the same drugs to J. R. Nichols for $100, for services as a clerk in the store; also to Chas. Yates for $40, for services in the store; also to J. D. Johnson for $25, for grocery bill; also to Victor Weiler for $20, borrowed money; also to W. L. Garten for $30, borrowed money; also to C. M. Seitz for $20, grocery bill; and also to F. J. Kelley, for $350. Of this amount $266 was claimed to be due for past services, $40 for borrowed money, and the remainder for contemplated services in upholding the transfers; but on this indebtedness to Kelley was to be credited

$90.15, store account. A mortgage was also made to the Lincoln Drug Company for $110, and to W. E. Clarke for $350, and to Kipp Bros. for $110, to secure indebtedness due them. The execution and filing of the mortgages was without the knowledge of the mortgagees, except Price, Nichols, Weiler and Kelley, but the action was ratified subsequently by all of the other mortgagees, who were parties to this action. The mortgages of Price, Nichols, Kelley and Yates were all filed at 2:35 P. M.; the mortgages of Johnson, Weiler, Seitz and Garten at 2:40 P. M.; and those of the Lincoln Drug Company, Clarke, and Kipp Bros. at 2:45 P. M.,—on February 20, 1897. The mortgagee Kelley claimed to have taken possession of the stock of goods on behalf of the mortgagees immediately on the filing of the instruments, and to have placed an inscription on the front door, "Closed under chattel mortgage." He claims to have retained such possession until the goods were levied upon by Sheriff Trompen. The remnant of the goods left by the sheriff he claims to have sold for $585, and with the proceeds paid $100 to Nichols and $485 to Price. The answer alleges a misjoinder of causes of action; a misjoinder of parties plaintiff; the seizure of the goods in question by the sheriff on an attachment procured by Charles K. Cobb, trustee; the dissolution of such attachment by the county court; an appeal from such dissolution, with supersedeas bond, to the district court for Lancaster county; the affirmation in the district court of the county court's order of dissolution; and the filing of another supersedeas bond and error proceedings to this court, which are in the answer alleged to be still undetermined, and by reason of the pendency of such proceedings in this court, that this action was prematurely brought. The answer also alleges that the mortgages were fraudulent; alleges possession of the goods by defendant Trompen under the attachment and also under an execution in favor of the Lincoln Drug Company against Francis E. Price for $96.40, which was also levied upon the same goods. The petition of the plaintiffs below alleged that they

were in the actual possession of the goods and that these
were wrongfully taken away from their possession by the
defendant sheriff. Copies of their several mortgages were
attached. A motion was filed by the sheriff to require the
plaintiffs to more specifically state in what manner he had
taken possession of the goods; to state particularly what
merchandise was taken under execution and what under
attachment. A demurrer was also filed—first, that there
was a defect of parties plaintiff; and second, that the peti-
tion did not state facts sufficient to constitute a cause of
action in favor of plaintiffs. Both motion and demurrer
were overruled, and the defendant then answered as above
stated. Plaintiffs' reply denied such matters as were not
admitted; admitted that defendant was sheriff; admitted
his allegations as to the attachment by Cobb, trustee,
against Francis Price, and the dissolving of the attach-
ment, the supersedeas and the proceedings in district court
and this court; and admitted the judgment of the Lincoln
Drug Co. against Francis Price, and the levy of its exe-
cution. The reply alleged that the defendant had asked
and obtained the making of the Lincoln Drug Co. a party
defendant, and had asked and been refused an order to have
J. W. Price, Nichols and Kipp Bros. made parties to the
action, because of their holding mortgages upon the same
goods. The defendant, Trompen, asked for an instruction for
a verdict in his favor, which was refused. A verdict was re-
turned for the plaintiffs in the sum of $456.10. Motion was
entered for judgment in defendant's favor notwithstand-
ing the verdict, which was overruled. A motion was made
for a new trial on the grounds that the court should not
have permitted the introduction of any evidence because
the petition showed a misjoinder of parties plaintiff and
because the petition did not state facts sufficient to war-
rant a judgment in plaintiffs' favor; for error in refusing
a peremptory instruction for the defendant at the close
of the evidence; error in giving each of the first eight in-
structions given by the court on its own motion; error
in refusing to give each of the sixth, seventh and eighth

instructions asked by defendant; insufficiency of the evidence; errors of law; and error in refusing to require special findings from the jury. This, too, was overruled, judgment entered on verdict, and defendant Trompen brings error.

Two briefs have been filed on behalf of the plaintiff in error, in one of which the sole question argued is the alleged misjoinder of the plaintiffs. It is urged that section 40 of our Code of Civil Procedure furnishes no warrant for joining these plaintiffs, because they have no common right; that their mortgages were filed at different times and their holding can not be joint. This result does not seem necessarily to follow even from holding their mortgages separate and distinct liens upon this same property. They allege a joint possession, which they say the sheriff has invaded. If in fact they were in the joint possession of these goods and the sheriff wrongfully took them, it would seem to constitute a common wrong against all the tenants who were jointly holding. Each would have a joint interest with all the others in vindicating their joint possession. Their case would seem to come distinctly within the terms as well as the spirit of section 40 of the Nebraska Code of Civil Procedure. The question seems to be argued, however, as if there has been no attempt to take possession and the plaintiffs were simply trying in this action to vindicate a right under their several mortgages. Even if such were the case, we think, under the holding of this court in *Earle v. Burch*, 21 Nebr., 702, 710, and in the earlier case of *Kaufman v. Wessel*, 14 Nebr., 161, and the approval that has been often given to both those cases, that this court is committed to the applying in law actions of the equity doctrine that interest in the subject of the action gives a right to join as plaintiff. *Earle v. Burch* certainly holds that successive mortgagees, merely as such, and where possession has not been had on any of the mortgages, may join in replevying the property. If in a replevin action, why not, then, in one for conversion? A distinction is

40

sought to be made in the nature of the relief sought,—in the one case an indivisible possession of the property which is the common subject of the plaintiffs' rights; in the other, a lump sum of money in which plaintiffs have separate and possibly conflicting rights. But we have section 429 of the Code providing expressly for this situation, and apparently adopted with precisely this extension of equity ideas to law cases in view. It provides: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may in its discretion render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more of defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendant or defendants served." Counsel say that these several lien-holders have a common interest in the possession, which is the subject of the action in replevin, but none in the whole amount of damages recoverable for the conversion. But what more interest has one lien-holder in the other's possession that he has in the other's recovery of damages? The truth seems to be that the equity practice of taking into the action everybody who claims an interest in its subject-matter, was the object aimed at in these Code provisions, and this court seems to have carried them out according to their letter and spirit.

In *Lancaster County v. Rush,* 35 Nebr., 119, the city of Lincoln was joined with the county in foreclosing a tax lien. This court says that the city need not have joined, but, as it had an interest in the sale certificate to the amount of its taxes, it properly might do so, under section 40 of the Code.

Other.jurisdictions have applied similar code provisions in the same way. In *Munson v. New York C. & H. R. R. Co.,* 65 N. Y. Supp., 848, it is held that an insurer, who has paid in part for property destroyed by the railway company's fault, can join in an action for damages. A similar case is *St. Louis & S. W. R. Co. v. Miller,* 66 S. W. Rep. [Tex.], 139.

In England, in 1899, under similar statutory provisions, it was declared in *Ellis v Bedford,* 68 Law J. Ch., 289: "All persons having a common right which is invaded by a common enemy, although they may have different rights *inter se,* are entitled to join in suing that common enemy in respect of that common right." In that case the common right was to the use of cart-stands in a market, and a part of the invasion was the exaction of illegal tolls for their use from the different plaintiffs.

In *Missouri, K. & T. R. Co. v. Haber,* 44 Pac. Rep. [Kan.], 632, the joining of 145 parties in one action for damages by reason of the introduction of cattle having the splenic fever, and which communicated that disease to native cattle, was upheld. It is not thought that there was error in permitting the joint action of plaintiffs in this case.

Counsel for the sheriff insist that the case of *Gray v. Rothschild,* 48 Hun [N. Y.], 596, is entirely parallel to the one at bar and should control it. There is, however, a very manifest distinction between the two cases. The New York case was brought by creditors who had sold goods to the defendants. Those goods were made away with fraudulently. The creditors joined in an action for their value. It was held that it could not be maintained. The right of each plaintiff went, not to the whole goods, but only to the part of them bought from himself. In the present case, such right as each mortgagee had went to the entire lot of goods. Where to this is added joint possession, the right to recover jointly for their taking seems complete.

In the additional brief of the plaintiff in error complaint is made that the verdict is not sustained by the evidence, and of the giving and refusal of instructions.

The claim that the verdict is not sustained by the evidence rests on the admitted fact that the mortgage to Mr. Price was without consideration and intended simply to retain an equivalent for the family exemptions, as neither Mrs. nor Mr. Price had any real estate. The question is not as to the upholding of this mortgage, but as to the good faith of these other parties to this transaction, of which the $500 Price mortgage was a part. It is not necessary to pass on the validity of a mortgage made for such a purpose and on such a consideration. We are of the opinion, however, that the jury were warranted in finding that the plaintiffs acted in good faith in regard to it.

The complaint that the action was prematurely brought, because no demand had been made for payment by these plaintiffs, and also because the first mortgage to Price had not been paid, does not seem well founded. It ignores the possession of plaintiffs, which the jury were warranted in finding to have been in them and their agent.

The matter of refusal of instructions asked by defendant was not argued in this court. Their applicability to the evidence is not pointed out nor the prejudice from their refusal indicated. So far as they state the law applicable to this case, they seem to have been embodied in those given. If counsel were relying upon error in refusing any of them, it should have been pointed out specifically.

Complaint is made of No. 4 of the court's instructions, as misleading and confusing, and of No. 7, as outside of the evidence. No. 4 seems a very plain statement of the right to prefer creditors. No. 7 seems a very explicit declaration that the accidental making of a mortgage for more than the amount due the mortgagee is not fraudulent. No. 9 is complained of as being in effect a direction to find for plaintiffs. We do not find in it anything but a statement that the same law given as to the sheriff applied also to the drug company, and that as plaintiffs asked no judgment against the drug company, it should not be included in the general verdict, and only the value of the goods taken on its execution need be found as to it. We discover no error in these instructions.

It is recommended that the judgment of the district court be affirmed.

KIRKPATRICK, C., concurs. LOBINGIER, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

NOTE.—*Section 429 of the Code of Civil Procedure*, is construed in the following opinions, to wit: *McRcady v. Rogers*, 1 Nebr., 124, 93 Am. Dec., 333; *Bennett v. Townsend*, 1 Nebr., 460; *Cropsey v. Wiggenhorn*, 3 Nebr., 115; *Mercer v. James*, 6 Nebr., 410; *Fox v. Meacham*, 6 Nebr., 533; *Smith v. Silvis*, 8 Nebr., 164; *Jones v. Null*, 9 Nebr., 61; *Ryan v. State Bank*, 10 Nebr., 531; *Lamb v. Gregory*, 12 Nebr., 508; *Jennings v. Simpson*, 12 Nebr., 558; *Long v. Clapp*, 15 Nebr., 417; *Morrissey v. Schindler*, 18 Nebr., 677; *Boldt v. Budwig*, 19 Nebr., 745; *Earle v. Burch*, 21 Nebr., 710; *Hoke v. Halverstadt*, 22 Nebr., 424; *Roggenkamp v. Hargreaves*, 39 Nebr., 545; *Lininger v. Webb*, 51 Nebr., 15.—W. F. B.