THE FOURTH NATIONAL BANK of the City of New York, Respondent, *v.* BERNARD MAHON, Appellant.

*Promissory note — evidence of a right to enforce payment thereof by an indorsee — a defense that the plaintiff is not the real party in interest must be pleaded.*

In an action upon a note drawn by the defendant to his own order, its production upon the trial, indorsed by the defendant, and by his indorsee, who received it before maturity for value, indorsed to the plaintiff or order, is evidence that the plaintiff is the legal holder of the note and entitled to enforce it.

A defense that the plaintiff is not the real party in interest, when not alleged in the answer, is not available upon the trial.

APPEAL by the defendant, Bernard Mahon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of October, 1898, upon the report of a referee.

*Abram J. Rose,* for the appellant.

*David Willcox,* for the respondent.

INGRAHAM, J. :

The action was on a promissory note made by the defendant, payable to his own order, indorsed by him and discounted by the Halifax Banking Company, who transacted business at St. John, N. B., and who indorsed the said note before maturity, paying the full

value thereof, less interest.    The Halifax Banking Company thereby became the *bona fide* owner of the note, having received it before maturity for value, and was entitled to enforce it against the defendant, irrespective of any equities between the original parties to the note.    No evidence was offered by the defendant to show that the note was not a *bona fide* obligation of the defendant, or that any defense existed.    The note was produced upon the trial by the plaintiff, and indorsed by the defendant, one John Connor, and by the Halifax Banking Company, to the plaintiff, or order.    That indorsement made the plaintiff the legal holder of the note, and he was entitled to enforce it.    (*Sheridan* v. *Mayor*, 68 N. Y. 30.)    " It is sufficient to make the plaintiff the real party in interest if he have the legal title, either by written transfer or delivery, whatever may be the equities between him and his assignor."    (*Hays* v. *Hathorn*, 74 N. Y. 486, 490.)    No defense was set up in the answer alleging that the plaintiff was not the real party in interest.    No such defense was available to the defendant upon the trial.

The defendant was liable for the note which had been indorsed to, and which was in the possession of, the plaintiff, and no reason was shown why the plaintiff should not have judgment for the amount due.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.