(30 Misc. Rep. 658.)

### PYRO-GRAVURE CO. v. STABER et al.

(Supreme Court, Special Term, New York County. March, 1900.)

1. CORPORATIONS—CAPACITY TO SUE — ANNULMENT OF CHARTER—ABATEMENT OF ACTION.

The annulment of the charter of a corporation for nonpayment of taxes will not abate an action properly commenced in the name of the corporation, and prosecuted to judgment before a referee previous to the annulment.

2. SAME—WAIVER OF OBJECTIONS.

Under Code, §§ 488, 498, 499, requiring objections to the legal capacity of a plaintiff to sue to be taken advantage of by demurrer or answer, an objection to the right of a corporation to maintain an action because of the annulment of its charter will be deemed waived if not made until after a trial before a referee, and the filing of his report awarding judgment against the defendant.

3. SAME—AUTHORITY TO MAINTAIN ACTION IN NAME OF—EVIDENCE.

The testimony of the three defendants who were, respectively, the secretary, treasurer, and a director of the plaintiff corporation, that the company did not authorize the bringing of the action, and that a resolution by the board of directors, authorizing a committee "to employ counsel to assist them in whatever action they may decide necessary," was not intended to give such authority, is not sufficient to overcome the force of the language of such resolution, the fact that the complaint was verified by the president of the company, and the testimony of a majority of the directors that the action was authorized.

Action by the Pyro-Gravure Company against George Staber and others. Defendants moved to dismiss the action, and to vacate all proceedings had therein. Motion denied.

Marshall, Moran, Williams & McVickar, for the motion.
Carter, Hughes & Dwight, opposed.

ANDREWS, J. This is a motion by the defendant Meissner to dismiss the action, and vacate all of the proceedings had, upon the ground (1) that the charter of the plaintiff corporation has been annulled by the authorities of the state of New Jersey pending the action, and therefore it cannot be continued in the name of the corporation; and (2) on the ground that the bringing of the action was not properly authorized by the corporation. The case has been pending nearly seven years, and has been tried before a referee on the merits, and the report of the referee has been filed, awarding judgment in favor of the plaintiff against the defendants for over $15,000. The defendants are directors of the plaintiff, which is a New Jersey corporation, and the action was brought to compel an accounting by them, and to recover the value of property of the company which the complaint alleged had been converted by the defendants to their own use. The defendants were in the control of the affairs of the

company, and the defendant Meissner was treasurer and the defendant Staber was secretary of the same.

1. As to the alleged annulment of plaintiff's charter for nonpayment of taxes. My attention has been called to various statutes of the state of New Jersey in relation to corporations, to a proclamation of the governor of that state in relation to the plaintiff, and to various decisions of the courts of New Jersey and New York; and I have also been furnished with several opinions given by lawyers residing in the state of New Jersey, which are in direct conflict with one another; and, after a careful consideration of such statutes, proclamation, decisions, opinions, and the arguments of counsel for the parties to this action, I have reached the conclusion that this objection is not well founded, and that the action was properly brought, and continued to the present time, in the name of the corporation.

2. The objection is really not one to the jurisdiction of this court, but to the legal capacity of the plaintiff to sue; and under the provisions of our Code, which require that such an objection should be taken by demurrer or answer, I am inclined to the opinion that the defendants have waived the same. Code, §§ 488, 498, 499.

3. As to the objection that the bringing of the action was not properly authorized by the corporation. The last meeting of the directors of the plaintiff was held on June 16, 1892, and at that meeting a resolution was adopted which authorized the committee "to employ counsel to assist them in whatever action they may decide necessary." Three of the six directors and Mr. Perry, former counsel in the case, who were all present when this resolution was adopted, allege that the full text and purport thereof was not entered in the record; but it seems to me that, as it was entered, the resolution was broad enough to authorize the bringing of this action. The question of authority is not usually an issue in an action, but in the present case it was litigated before the referee, and it is discussed by him in his report, and was decided in favor of the plaintiff. Assuming, however, that the question is open to consideration upon this motion, the burden is upon the defendants to show want of such authority, because the authority to cause the action to be brought and the authority of the attorney to bring the action are presumed, and it does not seem to me that the defendants have sustained such burden. The only evidence which they produce is the affidavits of the three defendants themselves, who state that the company did not authorize the bringing of the action, that no resolution was ever passed to that purpose, and that the resolution above referred to of June 16, 1892, was not intended to give such authority. On the other hand, it appears that the complaint was verified by the president of the company, and that the action was duly authorized is shown by the affidavits of three directors, who, with Mr. Zervas, who was a witness for the plaintiff on the trial, and the said president, constituted a majority of the board of directors. As above stated, it appears to me that the resolution which was adopted was broad enough to authorize the bringing of the action, but, if the majority of the directors sanctioned the bringing of the action, it was not absolutely necessary that any formal resolution to that effect should be adopted by them.

4. I think the motion is made too late, and that the defendants have waived the objection by answering the complaint and taking part in all the proceedings which have been had, including the trial before a referee upon the merits. I have reached the above conclusions after a careful consideration of the case; but, from the nature of the motion, the preparation of a lengthy opinion, containing a full discussion and consideration of the various questions involved, would necessarily delay my decision, and I have thought that the parties to the action and their counsel would prefer an early decision, rather than the delay which would be caused by the preparation of such an opinion. The motion will be denied, with $10 costs, and the order will be settled on notice.

Motion denied, with $10 costs.