## ROMAN v. TAYLOR.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. LEASES—PREMISES BECOMING UNTENANTABLE—RIGHT OF LESSEE TO SURRENDER.

The right of a lessee, under Real Property Law (Laws 1896, p. 589, c. 547), § 197, to surrender when the building becomes untenantable, is taken away, so far as such condition is caused by fires, by a provision of the lease that the tenant shall, in case of fire, give notice to the landlord, who shall cause the damage to be repaired, but, if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease.

2. SAME—FIRES—DAMAGES BY WATER.

Damages to a leased apartment from water used in extinguishing a fire in another part of the building is within the provision of the lease as to rights of the tenant in case of damage to the leased premises from fire.

Appeal from Municipal Court of Brooklyn.

Action by James D. Roman against Edmund K. Taylor. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.,

William H. Hamilton, for appellant.
G. Murray Hulbert, for respondent.

WOODWARD, J. The defendant in this action was the lessee of one of the first flats in the apartment house at 516 and 518 Washington avenue, Brooklyn. His lease term was from May 1, 1902, to May 1, 1903, and he undertook to pay $45 monthly in advance for the leased premises. The rent for the month of February, 1903, had been paid. About midnight of the 19th day of February a fire occurred upon the roof of the apartment house. There were three floors above those occupied by the defendant, and it seems to be conceded that no damage from the fire resulted to the defendant. By reason, however, of the water used in extinguishing the fire, the building was flooded; and the evidence is sufficient to support the fact, necessarily found in the decision of the learned justice of the Municipal Court, that the premises became untenantable because of the presence of this water. The defendant moved out of the flat, and this action is brought to recover two months' rent of the premises (for March and April, 1903), less $48.84 rent insurance money received by the landlord for 33 days' period of repairs, which the landlord was willing to allow to the tenant. The

court below dismissed the complaint upon the merits, and the plaintiff appeals to this court.

Section 197 of the real property law (page 589, c. 547, of the Laws of 1896) provides that:

"Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender."

The defendant, under the facts fairly established by the evidence, was justified in holding the flat in question to be untenantable and unfit for occupancy. It was in evidence that the water stood several inches deep upon the floors, that the plastering fell off, and generally that the premises were in such a condition that a prudent person would hardly care to remain in the rooms; and the fact that the plaintiff does not contend that the repairs had been made and the flat put in condition for occupancy for over one month, for which time he was willing to rebate the rent, is sufficient to justify the removal.

The only remaining question is one of law—whether the provisions of the lease were such as to take the case out of the statute enacted for the benefit of tenants. There is only one clause in the lease which has any bearing upon this question—the provisions in reference to ordinary repairs having no relation to the special conditions resulting from the fire—and that is clause 4, which provides that:

"The tenant shall, in case of fire, give immediate notice thereof to the landlord, who shall thereupon cause the damage to be repaired as soon as reasonably and conveniently may be, but if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease, and the accrued rent be paid up to the time of the fire."

This clause of the lease is undoubtedly a covenant on the part of the landlord to repair all damages occasioned by fire when his attention is called to the same, and to this extent is a modification of the general covenant on the part of the lessee to make ordinary repairs. In so far as damages by fire are concerned, the parties have entered into a written agreement which overrides the statutory provisions, within the rule recognized in the case of Butler v. Kidder, 87 N. Y. 98. While it is true that, in the case now before us, the damage was done by the water used in extinguishing a fire which occurred in another flat under the same roof, we are of opinion that this contingency was fairly within the contemplation of the parties, and that they intended to provide for just such a case as has arisen. The rule is well established that in policies of fire insurance the company is liable for damages to the insured property due to the use of water in extinguishing the fire. New York Express Co. v. Traders' Ins. Co., 132 Mass. 377, 381, 42 Am. Rep. 440. And it seems reasonable that, when the parties contracted with reference to fires, they intended to embrace the incidental consequences of a fire occurring in the building in which the demised premises were located. If this is the true construction to be put upon the contract, it follows that the case is taken out of the control of section 197 of the real property law, and that the landlord was entitled

to recover· the rent reserved, less the allowance which he was willing to make for the time the premises were undergoing repairs.   The judgment appealed from should be reversed, with costs.

New trial ordered, with costs to abide the event.   All concur.