CLEARY v. DE BECK PLATE GLASS CO.

(Supreme Court, Appellate Term.   June 6, 1907.)

1. BILLS AND NOTES—ACTIONS ON CHECK—POSSESSION OF CHECK AS EVIDENCE OF OWNERSHIP.

In an action on a check payable to "Cash," against the drawer thereof, production of the check is prima facie evidence of ownership.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1826.]

2. SAME—ADMISSIBILITY OF EVIDENCE—OWNERSHIP.

In an action on a check against the drawer thereof, where it has been proved that defendant received the consideration therefor, how plaintiff came into possession of the check is immaterial.

3. SAME—PARTY IN INTEREST.

In an action on a check against the drawer thereof, where there was no allegation in the answer that plaintiff was not the real party in interest, evidence that plaintiff had not paid the consideration therefor and was not the real party in interest is inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1593.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Frances A. Cleary against the De Beck Plate Glass Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Osborne, Hess & Churchill (William D. Reed and Charles A. Taussig, of counsel), for appellant.

Robert B. Knowles, for respondent.

GILDERSLEEVE, P. J.   Plaintiff sued to recover on a check payable to the order of "Cash," signed by the plaintiff, as treasurer and by A. M. De Beck, as president, of the defendant company.   Upon the trial the plaintiff's attorney produced the check.   It was admitted as evidence without objection, and the attorney testified that he presented it to the president of the defendant, who told him that the check had been given for a valuable consideration, but that he could not pay it just then.   It was also shown that the check had been presented to the bank upon which it was drawn on several occasions, and payment demanded and refused.   The answer of defendant was a general denial.   No evidence other than the production of the check was given by the plaintiff as to its ownership.   This constituted prima facie evidence of the plaintiff's ownership.   Hays v. Hathorn, 74 N. Y. 486.

When the defendant attempted to prove that the plaintiff had not, but that some other person had, paid the consideration for the check, the court ruled that, as there was no defense of lack of consideration or that the plaintiff was not the real party in interest, such evidence was inadmissible.   There was proof that the defendant had received the amount of the check in cash at the time it was given from one Wells.   The defendant's manager went to Wells, who represented

"Wells Bros. Company," a concern interested in the defendant company, and procured the money. Subsequently the check was drawn, signed by the plaintiff, who was treasurer of the defendant company, and by De Beck, the president, addressed and mailed to Wells. How or in what manner the plaintiff became possessed of the check does not appear. So far as the defendant is concerned, there was no lack of consideration for the check. Wells had paid it the money. He could dispose of the check in any way he saw fit, by gift or otherwise, and the defendant cannot complain. Payment of the check by the defendant under the circumstances disclosed by the testimony here is ample protection to it, and showing a lack of consideration passing between Wells and the plaintiff is of no avail to the defendant.

As to the defense of the plaintiff not being the real party in interest, such a defense is an affirmative one, and must be pleaded. Spooner v. D., L. & W. R. R. Co., 115 N. Y. 22, 30, 21 N. E. 696; Fourth Nat. Bank v. Mahon, 38 App. Div. 198, 199, 56 N. Y. Supp. 566.

Judgment affirmed, with costs. All concur.