### VALENTINE v. WOODS. ·

#### (Supreme Court, Appellate Term. June 6, 1908.)

**1. LANDLORD AND TENANT—DUTY TO REPAIR.**

Where a tenant leases a whole building, he must keep it in repair; but where the building is let out to different tenants, or any part of it, or the roof is under the control of the landlord, it is the duty of the landlord to keep the roof, or whatever portion of the premises is under his control, in repair.

**2. SAME—ABANDONMENT OF PREMISES—JUSTIFICATION.**

Where a roof which remained in the landlord's control leaked to such an extent as to deprive the tenant of the beneficial enjoyment of the premises, the tenant was justified in abandoning them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 695–704.]

**3. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—SUBMISSION OF ISSUES TO JURY.**

Where, in an action by a landlord for rent, the court should have held as a matter of law that plaintiff was obliged to make repairs to the roof, the error in submitting to the jury the question as to whether plaintiff or defendant should make the repairs was not prejudicial to plaintiff.

**4. LANDLORD AND TENANT—DUTY TO REPAIR.**

A tenant, leasing that part of a building above the first story, was not obliged to keep the roof in repair.

**5. SAME—BREACH OF PROMISE OF LANDLORD—DAMAGES.**

A tenant may recover damages from a landlord, suffered because of the landlord's breach of a promise.

Appeal from City Court of New York.

Action by Mary D. Valentine against Albert H. Woods. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Ira O. Miller (Henry Greenberg, of counsel), for appellant.
Henry J. Goldsmith, for respondent.

GERARD, J. Appeal by plaintiff from a judgment in favor of defendant, giving defendant judgment on his counterclaim for $240, plus interest and costs. The action was brought to recover the sum of $1,-333.32, alleged to be due plaintiff as rent of the premises known as the "Olympic Theater" for the months of November and December, 1907. The answer admitted that no part of this rent had been paid, but alleged as a defense that there was an eviction of defendant from the premises by reason of a breach of duty of the plaintiff in keeping the roof of the premises in good repair; that by reason of the said landlord's neglect the premises had become untenantable; and the defendant also set up as a counterclaim sums expended by him in repairing the inside of the premises, relying on the promise of the plaintiff landlord that the roof would be repaired.

The question in this case is whether the landlord or the tenant was obliged to keep the roof in repair. The written lease between the parties leases—

"the building known as the Olympic Theater, situate on Third avenue at or near 130th street, being the theater property above the first story, with the staircase leading thereto from Third avenue and the box office on the first floor; such property to be used for the purpose of a theater and for no other purposes."

The plaintiff claimed that a whole building was leased to the defendant, and the defendant, on the other hand, claimed that he was the tenant of but part of a building. The law is well settled that, where the tenant becomes the tenant of a whole building, he is under obligation to keep it in repair. On the other hand, where a building is let out to different tenants, or any part of it, or the roof, is under the control of the landlord, it is the duty of the landlord to keep the roof, or whatever portion of the premises is under his control, in repair. Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716; Rauth v. Davenport, 60 Hun, 70, 14 N. Y. Supp. 69. It appears from the evidence of the plaintiff herself that there is a hotel on the corner, and that the ground floor is used by a railroad company, which is the owner of the building and leases it to plaintiff. It further appears from the evidence that the plaintiff had a provision in her lease with the railroad company that the railroad company was to keep the roof in repair and good condition. This fact, however, cannot affect the main question in this case, which is whether the defendant became the tenant at all of a building, and therefore obliged to repair it, or only tenant of part of a building, the roof of which remained in the landlord's control. The roof leaked to such an extent as to deprive the tenant of the beneficial enjoyment of the premises, and the tenant abandoned the premises, and was justified in so abandoning them. See Roman v. Taylor, 93 App. Div. 451, 87 N. Y. Supp. 653.

The learned judge below submitted to the jury the question as to whether the landlord or the tenant should make the repairs. This, of course, was error, and this was a question for the court to decide as a matter of law, and not the jury; but the error was not a harmful one

to the appellant plaintiff, the landlord, for the reason that the court should have held as a matter of law that the landlord was obligated to make the repairs to the roof. The contention of the counsel for the appellant that, because the plaintiff leased to the defendant the building above the first story, this therefore included the roof, because the building "above the first story" means everything which is a part and parcel of the building above the first story, is untenable. If this were so, every tenant who leased the top loft in a building would be compelled to keep the roof in repair.

No exception was taken to the court's charge with reference to the counterclaim set up by defendant. A tenant may recover damages from a landlord suffered because of the latter's breach of a promise. Rauth v. Davenport, supra.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.