BREWSTER v. SILVERSTEIN.

(Supreme Court, Appellate Term. January 18, 1912.)

1. LANDLORD AND TENANT (§ 192*)—RENT—ABANDONMENT UNDER STATUTE AS DEFENSE—"EXPRESS AGREEMENT."

A provision in a lease that in case of fire the landlord would cause the damage to be repaired forthwith was an "express agreement" in writing, within Real Property Law (Consol. Laws 1909, c. 50) § 227, providing that if any leased building becomes untenantable or unfit for occupancy, without the fault or negligence of the tenant, "and no express agreement to the contrary has been made in writing," the tenant may surrender possession and thereby terminate his liability for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 777, 778; Dec. Dig. § 192.*

For other definitions, see Words and Phrases, vol. 3, p. 2605.]

2. LANDLORD AND TENANT (§ 192*)—RENT—ABANDONMENT UNDER STATUTE AS DEFENSE.

Although an express agreement in writing is made by a landlord and tenant, providing that in case of fire the landlord will repair the damage

forthwith, if the landlord unreasonably neglects or refuses to repair, the tenant may still abandon the premises, under Real Property Law (Consol. Laws 1909, c. 50) § 227, providing that if any leased building becomes untenantable or unfit for occupancy, without the fault or negligence of the tenant, "and no express agreement to the contrary has been made in writing," the tenant may surrender possession and thereby terminate his liability for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 777, 778; Dec. Dig. § 192.*]

3. DAMAGES (§ 64*)—RENT—INSURANCE AS AVOIDING LIABILITY.

The fact that a landlord of property injured by fire insured his rents and has been paid by the insurance company is no defense to a claim against the tenant for rent, on the theory of the insurer's subrogation to the rights of the insured.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 113; Dec. Dig. § 64.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Richard L. Brewster against Samuel J. Silverstein. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Arthur D. Greenfield, for appellant.

A. Joseph Geist, for respondent.

LEHMAN, J. [1] The parties entered into a lease wherein the landlord agreed that in case of fire he would cause the damage to be repaired forthwith. In so far as damages by fire are concerned, this provision must be regarded as an express agreement in writing, which overrides the provisions of section 227 of the real property law (Consol. Laws 1909, c. 50). Roman v. Taylor, 93 App. Div. 449, 87 N. Y. Supp. 653.

[2] The tenant, however, may still abandon the premises, upon the theory of a constructive eviction, where, after the fire, the landlord unreasonably refuses or neglects to make the repairs, and allows the premises to continue untenantable. In this case the tenant claimed a constructive eviction by reason of the landlord's refusal to repair, and the landlord denied that he had ever refused.

[3] The defendant was permitted to show that the plaintiff had insured his rents, and received indemnification for more than half of the amount of his December and January rent from the insurance company. There is no doubt but that the admission of this testimony was prejudicial error. The fact that the plaintiff has received payment of all or part of the loss sustained can be shown neither in bar nor mitigation of damages in this action. Merrick v. Brainard, 38 Barb. 574; Collins v. New York Central R. R. Co., 5 Hun, 503, affirmed 71 N. Y. 609; Briggs v. New York Central, 72 N. Y. 26.

The defendant claims that upon payment of the amount of loss the insurance company became subrogated to the plaintiff's rights. C. F. Insurance Co. v. Erie Railway Co., 73 N. Y. 399, 29 Am. Rep. 171.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

He fails, however, to point out how any such question is relevant upon the issues in this action. So far as this action is concerned, the testimony was absolutely immaterial. Its only possible effect was to prejudice the jury.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.