ALLEN & ARNINK AUTO RENTING CO. v. UNITED TRACTION CO.

(Albany County Court. August 17, 1915.)

1. DAMAGES ⊚⟶157—ISSUES AND PROOF—LOSS COVERED BY INSURANCE.
　　In an action for damages to an automobile in a collision with defendant's trolley car, evidence that the automobile was insured and that the insurance had been paid covering the damage received in the accident was inadmissible; the pleadings raising the question whether the automobile owned by plaintiff was damaged by defendant's negligence and the extent of such damage, and not whether a stranger to the action had paid the loss sustained.
　　[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 429–438; Dec. Dig. ⊚⟶157.]

2. INSURANCE ⊚⟶606—PAYMENT OF LOSS—SUBROGATION—RIGHTS OF INSURER.
　　An insurance company which has paid for damages to an automobile injured through the negligence of a street car company is subrogated to all the rights of the owner of the automobile.
　　[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1511, 1514–1516; Dec. Dig. ⊚⟶606.]

3. PLEADING ⊚⟶260—AMENDMENT—FACTS ASCERTAINED AT TRIAL.
　　Where defendant in an action for damages to plaintiff's automobile, sustained in a collision with defendant's street car, ascertains on cross-examination of plaintiff that the damages were covered by insurance which had been paid, it may, under Laws 1914, c. 368, § 166, providing that amendments of pleadings may be allowed at any time to promote substantial justice, amend its answer and enter a plea in abatement.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 793; Dec. Dig. ⊚⟶260.]

Appeal from City Court of Albany.

Action by the Allen & Arnink Auto Renting Company against the United Traction Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Visscher, Whalen & Austin, of Albany, for appellant.
Patrick C. Dugan, of Albany, for respondent.

ADDINGTON, J. This is an appeal by the plaintiff from a judgment of the City Court of Albany, dismissing the complaint of the plaintiff, with costs.

The action was brought to recover $350 damages which plaintiff claims it sustained by reason of the negligence of the defendant in a collision by one of its trolley cars with an automobile of the plaintiff on River street, in the city of Troy, N. Y., on the 27th day of July, 1913.

At the close of the plaintiff's case, the defendant moved :

"for a nonsuit and the dismissal of the complaint on the ground that the plaintiff has been paid for whatever loss was sustained by reason of this accident; that whatever right of action plaintiff had has been subrogated. Motion granted."

[1] The motion was made, and the complaint was dismissed on the following evidence:

"Q. Did you have any insurance on this car? Mr. Murphy: I object to that as incompetent, immaterial, not within the issues, and not a proper sub-

ject for cross-examination. (Objection overruled. Plaintiff excepts.) A. We did; yes, sir. Q. Prior to the commencement of this action, did you receive the insurance from the insurance company covering the damage which you claim as the result of this accident? Mr. Murphy: Same objection. (Same ruling. Plaintiff excepts.) A. We did receive our money for this."

The only question presented here is the admissibility of the foregoing evidence. It has been repeatedly held that this evidence is incompetent and inadmissible. Merrick v. Brainard, 38 Barb. 574, affirmed 34 N. Y. 208.

In the Merrick Case reported in 38 Barb. supra, the court, at page 589, says:

"The defendants' counsel further insist that the defendants are not liable for so much of the loss sustained by the sinking of the vessel as was covered by insurance. The defendants did not insure, nor pay for insuring, the property, and a question is put to them with considerable force, by what right—upon what principle—they are entitled to any benefit from such insurance.

"I insure my furniture in my house; a person either willfully or negligently sets it on fire; and, when I demand compensation for my loss, he insists upon his right to deduct the amount for which the property is insured. To say the least of it, the claim is wanting in modesty. But it is said that if I may retain the insurance money, and recover the value of the goods of the wrongdoer, I am the gainer by the accident. If I am, it ill becomes the wrongdoer to complain of it. If I cannot in justice retain more than the value of the property, which of the three parties concerned is entitled to the benefit of the deduction, the injured party, the wrongdoer, or the insurance company? Most clearly the latter. If I have not been paid by the insurance company before I collect of the wrongdoer, I am limited in the amount I am entitled to demand of the company to so much as will, in addition to the damages recovered, make good the loss. And, if I have been already paid, the company is equitably entitled to recover so much of the damages as I have received over and above my actual loss."

Presiding Judge E. Darwin Smith, in a case in the Fourth Department (Collins v. New York Central & Hudson River R. Co., 5 Hun, 503, affirmed 71 N. Y. 609) in following the Merrick Case (at page 506 of 5 Hun), says:

"The offer to show, in mitigation of damages, that the plaintiff had duly protected herself from loss by insurance to the amount of $200, and had received the insurance money, was made and overruled at the circuit, and the defendants' counsel excepted. I should have thought this evidence admissible, as held by Lord Campbell in his charge to the jury, contained in a note to the case of Pym, Administratrix, v. Great Northern R. R. Co., 116 English Com. Law, 401, if it were an open question; but I think the case of Merrick against Brainard requires us to hold otherwise. I cannot conceive upon what principles a party is entitled to recover in damages a greater amount than sufficient to fully indemnify him for his loss, except where he is entitled to recover punitive damages for a willful wrong."

In an action to recover damages to plaintiff's canal boat, alleged to have been caused by defendant's negligence, evidence on the part of the defendant that plaintiff was insured and had received the amount of his loss from the insurer was held incompetent. Carpenter v. Eastern Transportation Co., 71 N. Y. 574.

In the latter case, at page 579 of 71 N. Y., the court says:

"We find no error in the charge, and the only remaining exceptions relate to rulings upon testimony. Of these there were several, which have been urged on the argument.

"First. To the refusal of the judge to allow defendant to show that plaintiff was insured and had received the amount of his loss from the insurance company. The ruling was correct"—citing the Merrick Case, supra.

In the case of Brewster v. Silverstein, 133 N. Y. Supp. 473, at page 474, the court says:

"The defendant was permitted to show that the plaintiff had insured his rents, and received indemnification for more than half of the amount of his December and January rent from the insurance company. There is no doubt but that the admission of this testimony was prejudicial error. The fact that the plaintiff has received payment of all or part of the loss sustained can be shown neither in bar nor mitigation of damages in this action"—citing the Merrick and Collins Cases.

"The defendant claims that upon payment of the amount of loss the insurance company became subrogated to the plaintiff's rights. * * * He fails, however, to point out how any such question is relevant upon the issues in this action. So far as this action is concerned, the testimony was absolutely immaterial. Its only possible effect was to prejudice the jury."

See, also, Briggs v. N. Y. C. & H. R. R. Co., 72 N. Y. 26, page 32.

The law on this question is too well settled to require any further discussion. Under the pleadings in this case, plaintiff may maintain its action; the question to be determined being not whether some stranger to the action paid the loss it sustained, but was the automobile, owned by plaintiff, damaged on account of the negligence of the defendant, and the extent of such damage.

While the evidence above quoted was incompetent under the pleadings, the fact remains that the defendant had knowledge that the automobile was insured, and that the plaintiff received the money for the loss. This knowledge was obtained by the cross-examination of plaintiff by the defendant.

[2] As the insurance company paid the loss, it was subrogated to all the rights of the plaintiff. Munson v. N. Y. C. & H. R. R. Co., in which the court (32 Misc. Rep. 282, at page 286, 65 N. Y. Supp. 848, 850) says:

"It was said by Judge Earl, in Platt v. Richmond Y. R. & C. R. R. Co., 108 N. Y. 363 [15 N. E. 393], that, where goods are totally lost by fire, the insurer, upon payment of the loss, becomes subrogated to all the assured's rights of action against third persons who have caused or are responsible for the loss, and the insurer has the right of subrogation without any express stipulation to that effect in the policy of insurance as a contract of indemnity. The insurance company has the right of action against the defendant in proportion to the sum paid by him, not only in the case of a total loss, but likewise in the case of a partial loss."

[3] When the defendant learned the fact, as it did on this trial from its own cross-examination, that the insurance company had paid the damages sustained by plaintiff, defendant could have protected itself against any further litigation.

In the case of Steinbach v. Prudential Ins. Co., 172 N. Y. 471, at page 480, 65 N. E. 281, at page 284, in a dissenting opinion, Judge Haight says:

"The defendant alone is affected by the judgment. It may, under some remote contingency, be required to pay this insurance again. But this insurance company is not an infant or ward of the court. It is fully able to take

care of its own interests, and we need not be concerned therewith. It had the right to save itself from double liability by raising the question of defect of parties by demurrer or answer, but it did not see fit to do so. Instead, it proceeded with the trial. It could have protected itself."

The defendant here had notice of the payment by the insurance company from the best source obtainable. If the first notice it had of such payment was on the cross-examination of the plaintiff, it then could have protected itself by asking relief under a provision of the act of the City Court, as follows:

"Sec. 166. Amendment of Pleadings. The court must upon application, allow a pleading to be amended, at any time, if substantial justice will be promoted thereby." Laws of 1914, c. 368

—and allege the payment of the loss to plaintiff by the insurance company.

See, also, sections 499 and 756 of the Code of Civil Proceedure.

When the defendant obtained the information on the trial that the loss was paid by the insurance company, under the foregoing provision of the City Court Act, he could have moved to amend his answer, and entered a plea in abatement.

In the case of Spooner v. D. L. & W. R. R. Co., 115 N. Y. 22, at page 30, 21 N. E. 696, the court says:

"At the close of plaintiff's case, the defendant moved to dismiss the complaint upon the ground that the action was not brought in the name of the real party in interest. The motion was denied and there was an exception. No such objection had been taken by demurrer or answer. If it was apparent upon the face of the complaint, it could have been reached by demurrer, for there would have been a defect of parties. Otherwise it is new matter to be pleaded in the answer, and, if not, no such issue was raised and no such question can be tried. Smith v. Hall, 67 N. Y. 50. The objection was one which, if taken in proper season, could have been obviated by a very simple and purely formal amendment, and when not taken by either demurrer or answer must be deemed to have been waived and may be disregarded. * * *

"The complaint, however, stated a cause of action in favor of the infant, averring a wrong done to her and damages suffered by her, and so indicating that she was the real plaintiff appearing by her guardian ad litem. The defendant was not misled. The answer correctly interpreted the meaning of the complaint in spite of the informality of its title, for the defense was rested upon a denial of the negligence alleged and an assertion of contributory negligence on the part of the infant. The formal defect in the title was therefore properly disregarded when raised at the close of the plaintiff's case, and the trial court was justified in construing the complaint as setting out a cause of action in the name and behalf of the infant appearing by her guardian."

See, also, Bank v. Mahon, 38 App. Div. 198, 56 N. Y. Supp. 566; Perkins v. Stimmel et al., 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659.

"The objection is really not one to the jurisdiction of this court, but to the legal capacity of the plaintiff to sue; and, under the provisions of our Code, which require that such an objection should be taken by demurrer or answer, I am inclined to the opinion that the defendants have waived the same." Pyro-Gravure Co. v. Geo. Staber et al., 30 Misc. Rep. 658, at page 659, 64 N. Y. Supp. 520, at page 521; Code of C. P. §§ 488, 498, 499.

In the Munson Case, supra, the court, at page 284 of 32 Misc. Rep., at page 849 of 65 N. Y. Supp., says:

"It was held in the case of Chapman v. Forbes, 123 N. Y. 539 [26 N. E. 3], if the necessary parties are not present defendant may take advantage of that fact by plea in abatement, or he may set up any equitable defense showing the absence of necessary parties, which, if established, will entitle him to a nonsuit or to a verdict in his favor, but he cannot compel the plaintiff by motion to bring in such other parties."

The language of the court in the Chapman Case, supra, is:

"If the necessary parties were not present, the defendant could, by plea in abatement, take advantage of that fact. The judgment for the defendant on such a plea, whether on an issue of fact or of law, was that the plaintiff's 'writ be quashed.'" Chapman v. Forbes, 123 N. Y. 532, at page 537, 26 N. E. 3, at page 5.

See, also, section 756 of the Code of C. P.

The City Court was in error in admitting the evidence in question, and, while it is not necessary for the purpose of deciding this appeal, I have briefly pointed out how the question of payment to the plaintiff by the insurance company of the loss it sustained may be raised and hence secure a proper disposition of the case and avoid a multiplicity of suits.

The judgment of nonsuit and the dismissal of plaintiff's complaint for the reasons stated is reversed, and a new trial directed to be had in the City Court of Albany, on the 30th day of August, 1915, with costs to plaintiff to abide the event.