EVELYN GUSIKOFF, Appellant, Respondent, v. REPUBLIC STORAGE COMPANY, INC., Respondent, Appellant.— Judgment and order reversed on the law and the facts and a new trial granted, without costs. Two issues of fact are here involved which must be submitted to the jury: *First,* whether the contract as alleged in the complaint was made and, if made, breached; *second,* whether the plaintiff's assignor was involved in a conspiracy to remove the merchandise from the defendant's warehouse by means of a forged customs receipt, for the purpose of defrauding the United States government. As to the second issue, see *Schindler* v. *Royal Insurance Co.* (258 N. Y. 310) and *Morgan Munitions Co.* v. *Studebaker Corp.* (226 id. 94). Such a defense need not be pleaded. (*Dunham* v. *Hastings Pavement Co.*, 56 App. Div. 244; *Doucet* v. *Massachusetts Bonding & Insurance Co.*, 180 id. 599; *Barry* v. *Mulhall*, 162 id. 749.) If the plaintiff is entitled to recover at all, she is entitled to recover substantial damages, under paragraph VI of the stipulation, since it is immaterial that part or all of the moneys with which the judgments entered against the plaintiff's assignor by the United States government were compromised were paid by the surety or sureties on the indemnity bonds procured by the plaintiff's assignor at the time the warehouse receipts were indorsed to third parties. It is not a defense on the merits in favor of the one who caused the loss that the plaintiff received compensation from an insurance company or from a third party, and that rule applies to cases in contract as well as in tort. (*Merrick* v. *Brainard*, 38 Barb. 574; affd., 34 N. Y. 208; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 72 id. 26; *Collins* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 503; affd., 71 N. Y. 609; *Drinkwater* v. *Dinsmore*, 80 id. 390; *Brewster* v. *Silverstein*, 133 N. Y. Supp. 473 [not officially reported].) Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.