JOSEPH RINAUDO, Respondent, v. ANNA ERICHSEN, Appellant.— Defendant appeals from a judgment against her and in favor of plaintiff entered upon a jury verdict after a trial in the Ulster County Court. The action was for a balance alleged to be due for the reasonable value of work and material in plaintiff's oral undertaking to install a hot air furnace in defendant's house. Defendant denied there was anything due plaintiff and counterclaimed for damages alleged by reason of a fire which partially burned the house and which she alleged was due to plaintiff's failure to perform his contract, and his negligence and poor workmanship. There was a conflict in the evidence whether the fault and negligence of one party or both caused the fire. During the trial, over defendant's objection and exception, plaintiff was allowed to plead and prove defendant's recovery of fire insurance on account of the fire, and the jury was in effect told that the amount thereof was to be deducted from any damages it found for defendant. This was prejudicial error. (*Merrick* v. *Brainard,* 38 Barb. 574, affd. *sub nom. Merrick* v. *Van Santvoord,* 34 N. Y. 208; *Bridges* v. *New York Central & H. R. R. R. Co.,* 72 N. Y. 26; *Collins* v. *New York Central & H. R. R. R. Co.,* 5 Hun 503, affd. 71 N. Y. 609; *Drinkwater* v. *Dinsmore,* 80 N. Y. 390; *Gusikoff* v. *Republic Storage Co.,* 241 App. Div. 889; 25 C. J. S., Damages, § 99.) Judgment and order reversed on the law and a new trial ordered, with costs to appellant to abide the event. Hill, P. J., Brewster, Foster, Russell and Deyo, JJ., concur.

MARY WAITE, Respondent, v. AUGUST MOSCONI, Appellant.— Appeal by defendant in a negligence action from a judgment in favor of the plaintiff for $4,114.27, entered upon the verdict of a jury after a trial in the Supreme Court, Fulton County, and from an order denying a motion for a new trial. Plaintiff was a passenger in an automobile owned and operated by the defendant. Defendant attempted to pass a parked car on a public street in the city of Johnstown, N. Y., and came into collision with another car coming from the opposite direction. The jury could have found that the accident resulted, at least in part, from defendant's carelessness in attempting to pass a car and to enter a lane in the street then occupied by a car approaching from an opposite direction. There was proof that cars were parked on both sides of the street. The defendant was not sworn as a witness. It is contended for him on appeal that certain remarks of plaintiff's counsel during his summation, to the effect that plaintiff had been examined by defendant's physician where there was no evidence of such a fact, were prejudicial. We think the remarks were improper but not prejudicial to a degree requiring reversal. Defendant also complains of testimony given by plaintiff that she was the sole support of herself and son. This testimony came in without objection. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.