**RJB Contr. Carting Corp. v Three Park Bldg. LLC**

2024 NY Slip Op 34149(U)

November 22, 2024

Supreme Court, New York County

Docket Number: Index No. 156456/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LYLE E. FRANK                    PART                    11M

*Justice*

-----------------------------------------------------------------------------X

RJB CONTRACTING CARTING CORP.,

| | |
|---|---|
| INDEX NO. | 156456/2022 |
| MOTION DATE | 06/25/2024 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

THREE PARK BUILDING LLC,

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 33, 34, 35, 36, 37, 38

were read on this motion to/for                    SUMMARY JUDGMENT(AFTER JOINDER          .

Upon the foregoing documents, motion is granted as to liability but not as to damages.

**Background**

Plaintiff RJB Contracting Carting Corp., d/b/a Armteck Construction ("RJB") was hired by Defendant Three Park Building LLC ("Three Park") in 2022 to provide certain construction work including sidewalk and HVAC work. The parties entered into an agreement in January (the "January Agreement"), another in February (the "February Agreement"), and then a third in March (the "March Agreement", collectively the "Agreements"). In April of 2022, a pane of glass approximately 66 square feet large was damaged. RJB disclaims fault, but regardless offered to replace the glass, and is willing to concede to liability for the purposes of this motion. The glass was ultimately replaced for the cost of $50,000. Three Park was reimbursed by their insurance company for $40,000 of that amount.

RJB brought the underlying suit in August of 2022, alleging that they have fully performed under the contract and that Three Park has failed to pay them the $60,738.63 owed pursuant to the Agreements. The complaint pleads three causes of action: breach of contract,

[* 1]

mechanic's lien foreclosure, and, presumably in the alternative, unjust enrichment. RJB also brings the present motion requesting summary judgment. Three Park argues in response that it was justified in not paying RJB because of the damaging of the pane of glass and brings a counterclaim (which is also pled as an affirmative defense) to offset the damages allegedly owed under the Agreements by the costs of replacing the glass and related materials.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

The main contested issue here involves damages and award amounts. RJB argues that they are entitled to summary judgment in the amount not less than $50,738.63 (the monies owed under the contract offset by the insurance payout) and requests foreclosure on the mechanic's lien. Three Park argues that summary judgment must be denied under the collateral source rule and states that they are owed delay damages for the glass.

RJB argues that the collateral source rule (barring consideration of money from outside sources) only applies to torts claims. There was a period in the New York common law where

**156456/2022   RJB CONTRACTING CARTING CORP. vs. THREE PARK BUILDING LLC**            **Page 2 of 4**
**Motion No.  001**

2 of 4

the collateral source rule was applied to cases sounding in contract law and not tort. *See, e.g., Gusikoff v. Republic Storage Co.*, 241 A.D. 889, 889 (2nd Dept. 1934); *Rinaudo v. Erichsen*, 273 A.D.1040, 1040 (3rd Dept. 1948). However, the Court of Appeals issued a clear holding in 2001 that "the common-law collateral source rule is inherently a tort concept." *Inchaustegui v. 666 5th Ave. Ltd. P'ship*, 96 N.Y.2d 111, 116 (2001). It is unclear from Three Park's answer whether their counterclaim sounds in contract or tort. Neither party has conclusively established whether the breaking of the glass (which RJB concedes liability for solely for the purpose of this motion) occurred in the course of RJB's work pursuant to the contract (and is thus a breach of contract claim) or the damage constitutes a separate tort.

Three Park also seeks delay and other damages in their counterclaim. RJB argues that because the Agreements are silent on the issue of delay damages, this means that the parties had an "understanding not to apply those types of damages in the event of a breach" but cites to no authority for support of this argument. But even when a "no damages for delay clause" is present in an agreement, this does not justify dismissing a cause of action for delay damages. *Framan Mech., Inc. v. State Univ. Constr. Fund*, 182 A.D.3d 947, 950 (3rd Dept. 2020). Therefore, RJB has not established that delay damages are unavailable to Three Park here, either as a defense or as part of a counterclaim.

It is undisputed that RJB has established breach of contract to the summary judgment standard. Because there is a written agreement, the validity of which is not in dispute, the third cause of action for unjust enrichment necessarily fails. What is disputed are material facts going to damages, and material facts going to Three Park's counterclaim. Therefore, while summary judgment is proper on the first cause of action, the amount must be determined at a trial on damages. Furthermore, because RJB's claim for mechanic's lien foreclosure is necessarily

**156456/2022   RJB CONTRACTING CARTING CORP. vs. THREE PARK BUILDING LLC**
**Motion No.  001**

**Page 3 of 4**

[* 3]

3 of 4

dependent on establishing the amount of damages due, summary judgment ordering the

foreclosure would not be proper at this stage. Accordingly, it is hereby

ADJUDGED that the motion is granted with regard to liability, and otherwise denied.

20241122135652LFRANK7050E0ACABAD48BDAB4229F4971C103C

**11/22/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156456/2022   RJB CONTRACTING CARTING CORP. vs. THREE PARK BUILDING LLC**                 Page 4 of 4
**Motion No.  001**

4 of 4